BURRELL MILLION *v.* JOHN NEWBY.

**Principal and Surety—Contribution—Insolvency of Principal.**
The evidence was held to show that the principal was not insolvent, and that a surety was not entitled to look to his co-surety for contribution.

APPEAL FROM MADISON CIRCUIT COURT.

December 10, 1872.

OPINION BY JUDGE LINDSAY:

By the payment of the note to Collins, appellant became primarily the creditor of the principal, Robert Million, and his right to look to his co-surety, Newby, for contribution depends upon whether or not the principal in the note was at the time of such payment insolvent.

The evidence shows that at that time Robert Million owned in his own right, unencumbered by liens, a tract of land, which he sold two years afterwards for the sum of nine hundred dollars, nearly one-half of which was applied to the payment of a debt upon which appellant was his surety. It further appears that in 1865 and 1866 Robert Million owned a grocery store, also, that in 1866 he delivered to appellant $400 in notes.

These facts, considered in connection with other circumstances proved, in our opinion rebut any presumption of insolvency upon the part of Robert Million growing out of the general statements of his witnesses that they did not regard him as solvent. By the use of ordinary diligence appellant could have secured indemnity from his son for whom he paid the money to Collins; hence he was properly refused a judgment against his co-surety, Newby, for any amount. This conclusion renders the consideration of the other questions presented unnecessary.

Judgment *affirmed.*

*Burnam,* for appellant.

*Scott,* for appellee.